UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CASE NO. 1:08cv00855(WOB)

BOBBY JO PIATT                                                                  PLAINTIFF

VS.                                          <u>ORDER</u>

HUNTINGTON TREATMENT CENTER,
et al.                                                                           DEFENDANTS

This matter is before the court on plaintiff's motions for extension of time to file an affidavit of merit and leave to file same (Docs. 11, 16 & 19); Defendant Huntington Treatment Center's motion for judgment on the pleadings (Doc. 13); Defendant Huntington Treatment Center's motion requiring Kentucky's Cabinet for Health and Family Services to produce Ms. Jenkins' prescription records for *in camera* inspection (Doc. 24); motions of Ronald Crawford to appear pro hac vice for Kentucky Cabinet for Health and Family Services and to waive local counsel affiliation requirement (Docs. 33 & 34); Defendant Huntington Treatment Center's motion for order requiring Kentucky Cabinet for Health and Family Services to preserve Ms. Jenkins' medical records. (Doc. 37) and Defendant Huntington Treatment Center's motion for discovery order (Doc. 38).

Defendant Huntington Treatment Center argues that plaintiff's failure to timely file an affidavit of merit, required under Ohio Civ. R. 10(D)(2)(d)[1] to be attached to a complaint containing a medical malpractice claim, requires the court to dismiss the complaint, without

---

[1] Ohio Civil Rule 10(D)(2) requires a complaint containing a medical claim to include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability.

prejudice.

Plaintiff responds that at the time she filed her complaint, she also filed a motion for extension of time to file the affidavit of merit, which the court granted. Prior to the expiration of the extension of time, plaintiff filed a second motion for extension of time to file the affidavit, explaining her attorney had become seriously ill and that she required additional time for the forensic document expert to issue a report.

On March 25, 2009, sixteen days after expiration of the court-approved extension, the plaintiff filed a motion for leave to file an affidavit of merit, attaching the affidavit of merit. The defendant opposes this filing, arguing the proposed affidavit suggests plaintiff gave erroneous reasons for her previous requests for extensions. Specifically, defendant argues the plaintiff was not diligent in obtaining an expert as the expert was not contacted until mid-February 2009.

The court finds that the plaintiff filed her affidavit of merit outside the court-approved extension, but prior to the court's ruling on her second request for extension. The court further finds that the defendant will not be prejudiced by the 16 day delay. Thus, the court will grant plaintiff's motion for leave to file the affidavit of merit (Doc. 19).

Huntington Treatment Center also moved the court for an order requiring the Kentucky Cabinet for Health and Family Services (the Cabinet) to produce, for an *in camera* inspection, Ms. Jenkins' prescription records and to require the Cabinet to retain the records until a decision on the matter has been made. The Cabinet and the defendant have tendered a proposed agreed order, requiring that the records be filed under seal with the court and that they remain sealed until the Kentucky Supreme Court renders its decision on the pending appeal of *Commonwealth of Kentucky, Cabinet for Health and Family Services v. Chauvin*, 08-SC-509, which deals directly with the issue of whether KASPER records are discoverable in civil litigation. The court

will enter the proposed agreed order concurrently with this order, and, therefore, the pending motions on the issue are moot.

Lastly, the court will grant the motions regarding Mr. Crawford's *pro hac vice* status and waive the local counsel requirement because he is appearing for the limited purpose of addressing the pending discovery requests directed to the Cabinet, a non-party.

The court being otherwise sufficiently advise,

**IT IS ORDERED**:

1. The plaintiff's motion for leave to file affidavit of merit (Doc. 19) be, and it is, hereby GRANTED. Defendant's motion for judgment on the pleadings (Doc. 13) and plaintiff's motions for second extension of time to file affidavit (Doc. 11) and for leave to file affidavit of merit after receipt of forensic document expert report (Doc. 16) be, and they are, hereby DENIED AS MOOT;

2. The court having entered concurrently herewith the proposed order regarding the KASPER records, the defendant's motion requesting the agreed order be entered (Doc. 38) be, and it is, GRANTED, and the motions seeking the discovery (Docs. 24 and 37) be, and they are, hereby DENIED AS MOOT; and

3. The court grants the motions of Ronald Crawford to appear pro hac vice in this matter and to waive local counsel requirement (Docs. 33 and 34).

This 1st of July 2009



Signed By:
*William O. Bertelsman* WOB
**United States District Judge**