UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BOBBY JO PIATT, | : | Case No. 1:08-cv-855 |
| | : | |
| Plaintiff, | : | Judge William O. Bertelsman |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| HUNTINGTON TREATMENT | : | |
| CENTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF HAS SATISFIED THE COURT'S ORDER TO SHOW CAUSE (Doc. 69)**

This civil action came on before the Court for a show cause hearing on January 25, 2010. Pursuant to Judge Bertelsman's Order of January 15, 2010, Plaintiff's counsel was ordered to appear and show cause why the Court should not dismiss this case for failure of counsel to appear at a Court-ordered hearing on January 14, 2010. (Doc. 69). Counsel for the Plaintiff was present and participated. Counsel for the Defendants participated by telephone.

Mr. Clark stated in open court that he never received the Court's electronic notification ordering the January 14, 2009 status conference. Specifically, Mr. Clark stated that his former law partner had dissolved their partnership and dismantled the office computer system on the same day as the Court's notice was sent. Thus Mr. Clark

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

explains that he could not access his computer system during that time.  Moreover, Mr. Clark represented that even after the computer system was repaired, technology personnel were still unable to locate the electronic notification from the Court.

Mr. Clark submitted two exhibits in support of his argument.  A letter, dated January 18, 2010, from Miguel Pimentel at BigFixComputers, detailed a number of problems he encountered when attempting to fix Mr. Clark's computer system, including that all of the files on the server were dumped and that no computer was able to share data over the network.  (*See* Ex. A).  A second letter, dated January 14, 2010, from John Ward at Ward One Computer Services, explained that the manner in which Mr. Clark's partner dismantled and removed the server could have easily destroyed the entire computer system.  (*See* Ex. B).

The undersigned was not overwhelmed by Mr. Clark's explanation and expressly stated that failure to receive electronic filings or abide by Court orders cannot occur again. Mr. Clark's associate represented that he will be diligent in checking for court notices and assured the Court that he is comfortable with this responsibility.  Mr. Clark also represented that he considered this case to be the most important case currently pending in his office.  The undersigned also notes that counsel appeared timely at the show cause hearing, presented as professional and contrite, and made representations to the Court as to the guaranteed professionalism of counsel as the case moves forward.  The Court intends to rely on these representations, and counsel is specifically warned that future failure to

abide by Court orders, the civil rules, the local rules, and the fundamental requirements of professionalism will result in dismissal of this case, should the District Judge so choose.[2]

Nevertheless, considering all of the facts presented, and mindful that dismissal is a most drastic sanction, the undersigned hereby **RECOMMENDS** that the District Judge consider the Order to Show Cause as **SATISFIED**, and that no further sanction be imposed at this time.


Date: January 27, 2010                                  s/ Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge

---

[2] *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Walker v. Dallman*, No. 92-3817, 1993 WL 57381 (6th Cir. Mar. 4, 1993).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BOBBY JO PIATT, | Case No. 1:08-cv-855 |
| Plaintiff, | Judge William O. Bertelsman |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| HUNTINGTON TREATMENT CENTER, *et al*., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).